**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD J JACKSON JR.,

Appellant,

v.

Case No. 25-cv-11989
Hon. Jonathan J.C. Grey

WELLS FARGO BANK, N.A.,

Appellee.
____________________________________/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING IN REM RELIEF**

## I. INTRODUCTION

Appellant Harold J. Jackson, who proceeds pro se, appeals a final bankruptcy order entered by United States Bankruptcy Judge Paul R. Hage granting appellee Wells Fargo Bank, N.A. in rem relief from an automatic stay. The appeal is fully briefed (ECF Nos. 8, 9, and 10). As the parties have adequately briefed the appeal, the Court considers the appeal without oral argument. E.D. Mich. LR 7.1(f). For the reasons that follow, the order granting Wells Fargo in rem relief is **AFFIRMED**.

## II. BACKGROUND

This bankruptcy appeal follows lengthy litigation concerning the property commonly known as 16781 Huntington Road in Detroit, Michigan. *In re Jackson*, 672 B.R. 693, 697 (Bankr. E.D. Mich. 2025). It began with the March 2016 foreclosure of a mortgage taken by Earnest P. Cornelius that resulted in Wells Fargo obtaining a sheriff's deed. *Id.* at 698. From then on, several bankruptcy filings and quiet title suits proceeded that frustrated Wells Fargo's ability to possess the property. First, Doshia Banks filed a chapter 13 bankruptcy in March 2017. *Id.* Wells Fargo moved for relief from the accompanying automatic stay as to the Huntington Road property. *Id.* The bankruptcy court granted Wells Fargo's motion and dismissed Banks' bankruptcy petition for failing to make any chapter 13 plan payments. *Id.*

After the bankruptcy court dismissed her bankruptcy petition, Banks filed a quiet title suit in Wayne County Circuit Court. *Id.* at 698–699. Wells Fargo prevailed, but Banks filed for bankruptcy again. *Id.* The bankruptcy court granted Wells Fargo relief from the automatic stay a second time and dismissed Bank's bankruptcy petition for failing to pay the filing fee. *Id.*

Wells Fargo then began eviction proceedings against the individuals residing at the Huntington Road property in the 36th District Court in Detroit. *Id.* at 699–700. But, in December 2021, before the eviction hearing, Jackson filed his first bankruptcy case. *Id.* Ultimately, the bankruptcy court dismissed that case for failure to submit a certificate of personal financial management pursuant to Bankruptcy Rule 10007(c). *Id.* at 700. Wells Fargo attempted to reopen the eviction proceedings, but Jackson filed for bankruptcy a second time in July 2022. *Id.* The bankruptcy court later dismissed the second case for Jackson's failure to make any monthly payments to the chapter 13 trustee. *Id.* at 700–701.

Next, Wells Fargo attempted to reopen the 36th District Court proceedings again, but Banks filed for a third bankruptcy in early 2023. *Id.* at 701. Wells Fargo again moved for relief from the automatic stay, but this time they also argued that the bankruptcy filings concerning the property were part of a fraudulent scheme and sought in rem relief under 11 U.S.C. § 362(d)(4). *Id.* The bankruptcy court dismissed Banks' case, which prevented the court from granting in rem relief. *Id.*

Returning to 36th District Court, Wells Fargo renewed its attempt to evict the individuals residing at the Huntington Road property. However, Ernest Cornelius and Joseph Jones removed the case to this court, and it was not remanded back to state court until nearly a year later. *Id.* at 701–702. This time, in May 2024, Otis Williams, III filed a bankruptcy case concerning the property. *Id.* at 702. Again, Wells Fargo moved for in rem stay relief, but the bankruptcy court dismissed the case for Williams' failure to make required filings with the bankruptcy court. *Id.* Wells Fargo attempted to reopen the eviction proceedings, but Jackson filed his second bankruptcy petition. *Id.* at 703. Once again, Wells Fargo moved for in rem relief. *Id.* In Jacksons' response, he asserted that he was a tenant of the property, that Williams was his landlord, and that he had no relationship with Banks, but Jackson did not attach a relevant lease. *Id.* at 704. Jackson also argued that in rem relief was improper because there was a pending quiet title action filed by Williams concerning the property. *Id.* A hearing on the motion for in rem relief was set for May 29, 2025. *Id.* On the morning of the hearing, Ashanti' Shennell-El emailed the chapter 13 trustee to say that Jackson was having a serious medical emergency and could not appear in Court.

*Id.* at 705. Over the objection of Wells Fargo, which argued that this was an attempt to further delay proceedings, the court continued the hearing to June 5, 2025. After the May 29, 2025, hearing, Wells Fargo supplemented the record with a court order demonstrating that the Williams quiet title action had been dismissed with prejudice and that "[Williams], his affiliates and any other person seeking to claim or enforce an interest in [the] property" are enjoined from filing in Wayne County Circuit Court. *Id.* at 705.

Minutes before the June 5, 2025, 10:00 AM hearing, Jackson sent an email stating: "[p]lease see the attached judicial notice and complaint for the trustee that I will have someone file for me today." *Id.* at 706. He also stated that he was not "recovering well at all and will not be in attendance today" and requested an adjournment. *Id.*[1]

---

[1] Ten minutes after the June 5, 2025, hearing began, a document titled "Debtor's Notice of Pendency of Federal Civil Action, Pending Judicial Misconduct Complaint, and Request for Judicial Notice" was filed in federal court. *Id.* at 706–707. That federal case was dismissed. *See Jackson v. Wells Fargo Bank N.A.*, No. 25-CV-11666, 2026 WL 839193, at *1 (E.D. Mich. Mar. 26, 2026). Jackson filed a second case alleging § 1983 claims and violations of the Racketeer Influenced and Corrupt Organization Act, which was also dismissed. J*ackson v. Wells Fargo Bank, N.A.*, No. 26-CV-10013, 2026 WL 1670102, at *1 (E.D. Mich. June 8, 2026). Jackson is now an enjoined filer in the Eastern District of Michigan. *Id.*

After hearing argument, the bankruptcy court granted in rem relief to Wells Fargo concerning the Huntington Road property. (ECF No. 6, PageID.37–38). The bankruptcy court concluded that Wells Fargo was entitled to relief pursuant to 11 U.S.C. § 362(d)(1) and § 362(d)(2). *Jackson*, 672 B.R. at 716. The bankruptcy court also found that Wells Fargo was entitled to relief pursuant to sections 11 U.S.C. § 362(d)(4) and 11 U.S.C. § 105(a) because Jackson was part of a "scheme involving multiple bankruptcy filings commenced to delay, hinder or defraud[.]" *Id.* at 714. Jackson timely filed this notice of appeal and elected to have a district judge hear his appeal. (ECF No. 1.)

## III. JURISDICTION

District courts have appellate jurisdiction over the 1) "final judgments, orders, and decrees" of bankruptcy judges; 2) a bankruptcy judge's "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title;" and 3) the "interlocutory orders and decrees" of bankruptcy judges, if leave of court is provided. 28 U.S.C.A. § 158(a) A district judge can only hear an appeal from a bankruptcy order in the same judicial district that the bankruptcy judge is serving. *Id.* Appeals may be made

to a bankruptcy appellate panel or to a district judge if the appellant elects. Fed. R. Bankr. P. 8004(c)(1). Any other party may elect to have a district court hear the appeal, even if the appellant elects to have a bankruptcy appellate panel hear the appeal. Fed. R. Bankr. P. 8005(b).

## IV. STANDARD OF REVIEW

A bankruptcy court's legal conclusions are reviewed de novo while its factual findings are reviewed for clear error. *In re Wingerter*, 594 F.3d 931, 935–36 (6th Cir. 2010). A bankruptcy court's decision to lift the automatic stay is reviewed for abuse of discretion. *In re Federated Dep't Stores, Inc.*, 328 F.3d 829, 836 (6th Cir. 2003) "An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'" *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607–08 (6th Cir. 2000) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir.1999)).

## V. ANALYSIS

Jackson raises three issues on appeal: 1) the bankruptcy court abused its discretion in granting in rem relief because it should have abstained while a quiet title action was pending in state court; 2) the record does not support the finding that Jackson's bankruptcy filing was

part of a scheme to delay, hinder, or defraud creditors; and 3) due process and equity requires an evidentiary hearing and an adjournment for his medical issues.

**A. Abuse of Discretion**

Citing numerous abstention doctrines, Jackson argues that the bankruptcy court abused its discretion when it granted in rem relief because there was active state court litigation concerning the Huntington Road property. A bankruptcy court may grant relief from the automatic stay only for cause. *See* 11 U.S.C. § 362(d)(1). In the Sixth Circuit, the following factors are considered: "1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002).

The Court agrees that all these factors weigh in Wells Fargo favor, as the bankruptcy court concluded. *Jackson*, 672 B.R. at 710. In addition, Jackson's abstention arguments are unpersuasive because, at the time of the bankruptcy court's order, there was no pending state court litigation. *Id.* at 705–06. Jackson refers to a state court quiet title proceeding filed

by Williams, his alleged landlord. (ECF No. 10, PageID.132.) However, the Wayne County Circuit Court dismissed Williams' quiet title suit with prejudice before the bankruptcy court lifted the automatic stay. *Jackson*, 672 B.R. at 705. Additionally, the Wayne County Circuit Court concluded that the quiet title suit filed by Williams was frivolous and ordered that "[Williams], his affiliates, and any other person seeking to claim or enforce an interest in the Property, excluding the Trustee," are enjoined from filing without approval of the chief judge and posting an $8,000 cash bond. *Id.* at 705. So, there was no pending state court litigation from which the bankruptcy court could abstain. If anything, the bankruptcy court's decision to grant in rem relief is consistent with that court's ruling enjoining future filings without approval. Moreover, lifting an automatic stay to allow eviction proceedings to proceed is appropriate "when a bankruptcy debtor is in possession of real property that belongs to another person, and the debtor has no right to possession of that property." *In re Basrah Custom Design, Inc.*, 600 B.R. 368, 384 (Bankr. E.D. Mich. 2019). **Jackson has no right to possess the property, so the bankruptcy court has not abused its discretion.**

### B. Sufficiency of Evidence

Next, Jackson argues that the record does not support the finding that he was part of a scheme to delay, hinder, or defraud creditors under § 362(d)(4). The statute states as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C.A. § 362(d)(4).

Jackson argues that the bankruptcy court erred in finding that his filing was part of a scheme because "he has no financial or legal connection with any prior debtor or land contract holder," "there is no evidence of multiple filings by the same individual," no "transfer of title to the Debtor," and "[t]he facts do not establish a pattern or coordination among multiple parties." Jackson's arguments are unavailing, especially under the clear error standard the Court applies to the bankruptcy court's factual findings.

First, Jackson himself filed for bankruptcy three times, each time claiming to reside at the Huntington Road property, which qualifies as "multiple bankruptcy filings affecting such real property." *Jackson*, 672 B.R. at 699–703; 11 U.S.C.A. § 362(d)(4)(B). Second, the court considered that all three quiet title actions were dismissed, confirming that Wells Fargo, who owns the land in trust, is the rightful owner of the property. *Jackson*, 672 B.R. at 709. Third, the court considered that Jackson's ownership interest changed multiple times, from Jackson originally claiming to have an ownership interest to later stating he only had a leasehold interest. *Id.* at 709–10. Fourth, the court found that Jackson, Banks, and Williams did not meaningfully litigate any of their bankruptcy cases. *Id.* at 714. Fifth, the court reviewed the unique timing of the bankruptcy filings, noting that they all came on the eve of eviction hearings. *Id.* at 714. Therefore, the bankruptcy court considered far more than the multiple filings by Jackson in reaching its conclusion that Jackson was part of a scheme. The Sixth Circuit Bankruptcy Appellate Panel reached the same conclusion in a similar case. *See In re Lee*, 467 B.R. 906, 920–21 (B.A.P. 6th Cir. 2012). Given the foregoing, the Court does not disturb the bankruptcy court's factual findings that **Jackson**

**was part of a scheme to delay, hinder, or defraud creditors**. 11 U.S.C.A. § 362(d)(4).

Jackson also contends that because the evidence was insufficient, it was improper for the Court to grant in rem relief pursuant to § 362(d)(4) and § 105(a). Notably, § 362(d)(4) applies to creditors who move to lift the automatic stay, and Wells Fargo is not a creditor. *See* § 362(d)(4). Thus, the bankruptcy court also concluded that it had the authority to grant in rem relief to Wells Fargo to prevent abuse of process, under the equitable powers of § 105(a). *In re Jackson*, 672 B.R. at 715–16. The Court finds that the bankruptcy court appropriately invoked § 105(a), especially in light of its factual finding that Jackson was part of a "scheme to delay, hinder, and defraud." Such schemes certainly amount to an abuse of process.

### C. Due Process and Evidentiary Hearing

Last, Jackson alleges that the bankruptcy court should have held an evidentiary hearing to prove that he was part of a scheme to delay, hinder, and defraud, and that failure to hold that hearing violates due

process principles.[2] Sections 362(d)(4) and 105(a) do not require an evidentiary hearing, and multiple courts have concluded that an evidentiary hearing is not required. *In re Procel*, 467 B.R. 297, 308–09 (S.D.N.Y. 2012); *In re Kearns*, 616 B.R. 458, 467–68 (Bankr. W.D.N.Y. 2020); *In re Valid Value Props.*, 2017 WL 123751, at *3 (Bankr. S.D.N.Y. Jan. 5, 2017); *In re GEL, LLC*, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012). Moreover, the default presumption in the bankruptcy courts of the Eastern District of Michigan is that a hearing will not be an evidentiary hearing. *See* E.D. Mich LBR 4001-1(c). Further, a bankruptcy judge's decision not to allow an evidentiary hearing is reviewed for abuse of discretion. *In re Woodberry*, No. 19-CV-12576, 2020 WL 1508604, at *4 (E.D. Mich. Mar. 30, 2020), *aff'd*, No. 20-1612, 2021 WL 2660488 (6th Cir. Mar. 18, 2021). Since Jackson has no valid leasehold interest in the Huntington Road property, as multiple other courts have concluded, this

---

[2] Jackson cites one case for this proposition, a case cited as "In re Ormsby, 591 B.R. 33, 40 (Bankr. D. Idaho 2018)." (ECF No. 8, PageID.112.) It appears that the case is a product of artificial intelligence hallucination (or a made-up case) as the Court cannot locate the case despite diligent efforts. A case with a similar name exists, *In re Ormsby*, 386 B.R. 243 (E.D. Cal. 2008), *aff'd*, 591 F.3d 1199 (9th Cir. 2010). But that case and its appeal did not concern due process or evidentiary hearings. *See generally*, *id.* The Court declines to conduct further inquiry.

Court finds that an evidentiary hearing would not have made a difference. So, there is no due process violation.

Jackson also argues that a due process violation occurred because the bankruptcy court held the hearing when he was too sick to attend. (ECF No. 10, PageID.138–139.) Jackson contends that the bankruptcy court should have "permitted telephonic or video appearance, accepted sworn declarations regarding his condition and factual disputes, or rescheduled the matter to allow him to meaningfully participate." (ECF No. 10, PageID.138–139.) The Court finds no due process violation occurred in holding the hearing without Jackson's presence. Notably, Jackson informed the bankruptcy court he was too sick to attend minutes before the start of the hearing. *Jackson*, 672 B.R. at 706. The same type of last-minute request resulted in the adjournment of the previous hearing. *Id.* at 705. Moreover, Jackson's email to the court never requested permission to participate by phone or video; he only requested another last-minute adjournment. *Id.* at 706.

More significantly, even if Jackson had participated, it would not have made a difference. **Wells Fargo conclusively owns the property, invalidating any leasehold interest Jackson has,**

**making the Huntington Road property irrelevant to administering Jackson's bankruptcy estate.** *See id.* at 710–11. Therefore, the bankruptcy court's decision to hold the hearing without Jackson did not result in any prejudice. *See United States v. Sharrak*, 527 F. App'x 383, 387 (6th Cir. 2013) (refusal to adjourn is only reversible error with a showing of prejudice).

## VI. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the bankruptcy court's order granting motion for *in rem* relief from the automatic stay (ECF No. 6, PageID.37–38) is **AFFIRMED**.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: September 30, 2026

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager